<div style="margin-left:2em">United States District Court<br>For the Northern District of California</div>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REZN8 SYSTEMS, INC.,
et al.,

    Plaintiffs,

    v.

ALAMEDA COUNTY DISTRICT
ATTORNEY'S OFFICE, et al.,

    Defendant.
_____/

No. C 10-1799 PJH

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER, MOTION TO QUASH SEARCH WARRANT, AND MOTION FOR RETURN OF PROPERTY**

Plaintiff's application for a temporary restraining order, motion to quash search warrant, and motion for return of property came on for hearing before this court on May 12, 2010. Plaintiffs appeared by their counsel Jessica E. Rauff, and defendants appeared by their counsel Micheal T. O'Connor, Jill P. Sazama, and Gregory J. Rockwell. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motions as follows and for the reasons stated at the hearing.

Plaintiff REZN8 Systems, Inc. dba REZN8 Financial Services, Inc. ("REZN8") is a loan modification business, which purports to obtain loan modifications for property owners who are at risk of foreclosure for non-payment of mortgages. Plaintiff Mirza Zulqifar Ali ("Ali") is the Chief Executive Officer of REZN8. Plaintiff Jessica E. Rauff ("Rauff") is REZN8's outside counsel (and is also representing plaintiffs in this action)

Defendants are the Alameda County District Attorney's Office (a law enforcement agency charged with the investigation and prosecution of state crimes occurring within the County); Nancy O'Malley (Alameda County District Attorney); Matt Beltramo (a Deputy Alameda County District Attorney, employed in the Office's Consumer and Environmental

1  Protection Division); and Rick Monge (employed in Office as a peace officer, and assigned
2  to the Consumer and Environmental Protection Division).

3  After having received complaints from consumers of alleged fraudulent activity by
4  REZN8 and its agents, the Alameda County District Attorney's Office conducted an
5  investigation in February and March 2010.  In April 2010, the District Attorney obtained a
6  search warrant from an Alameda County magistrate.  The search warrant was executed on
7  April 8, 2010, at the premises of REZN8, and at the home of Ali.  On April 27, 2010,
8  plaintiffs filed this action alleging claims of Federal constitutional violations, and seeking
9  declaratory and injunctive relief, and punitive damages.

10  The purpose of a temporary restraining order is to preserve the status quo and
11  prevent irreparable harm until the court can hold a hearing on a motion for preliminary
12  injunction.  Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 439
13  (1974).  "Status quo" means the last uncontested status that preceded the pending
14  controversy.  GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir.2000).
15  "The issuance of a temporary restraining order is an emergency procedure, and is
16  appropriate only when the applicant is in need of immediate relief."  Wright, Miller & Kane,
17  Federal Practice & Procedure: Civil 2d (2009) § 2951.

18  Requests for temporary restraining orders are governed by the same general
19  standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd.
20  v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John
21  D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

22  A plaintiff seeking a preliminary injunction must establish that he is likely to succeed
23  on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,
24  that the balance of equities tips in his favor, and that an injunction is in the public interest.
25  Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008); see also
26  Munaf v. Geren, 128 S.Ct. 2207, 2218-19 (2008).

27  At the hearing on the present motions, the court asked plaintiffs' counsel to specify
28  the relief plaintiffs were seeking from this court.  Plaintiffs' counsel responded that plaintiffs

were seeking an order directing defendants to return plaintiffs' property; and a judicial declaration that plaintiffs' actions were in compliance with the law, and that the District Attorney does not have standing to investigate plaintiffs under fraud theories that in plaintiffs' view have no basis in law.

The court finds that plaintiffs have not established a likelihood of success on the merits of any of their claims. The search warrant affidavit appears sufficient to support the magistrate's finding of probable cause, and the court does not agree with plaintiffs' characterization of California Civil Code § 2944.7 as vague and overbroad.

Even were the court to find that plaintiffs had shown a likelihood of success, however, plaintiffs would not be entitled to the declaratory relief that they seek, as it is the ultimate relief that they seek in this action. That is, plaintiffs are not attempting to preserve the status quo pending a determination on the merits, but are instead seeking a mandatory injunction that would <u>alter</u> the status quo by requiring the District Attorney's Office to call a halt to its investigation of the activities of REZN8 and its agents.

The court finds further that plaintiffs have not established a likelihood of immediate and irreparable harm. The alleged harm to plaintiffs' business is not irreparable. Under California Penal Code § 1538.5, plaintiffs have the right, in the California Superior Court, to challenge the search warrant and seek return of their property. Under California Penal Code § 1536.5, plaintiffs can make a demand on the Alameda County District Attorney's Office for copies of all materials seized from REZN8 pursuant to the search warrant, and, if the copies are not provided within 10 days, can file a motion with the Superior Court.

Finally, based on the lack of merit in the application for temporary injunctive relief, the court DENIES the request for order to show cause re preliminary injunction.

**IT IS SO ORDERED.**

Dated: May 12, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

3