```
                                              Pages 1 - 16

                  UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF CALIFORNIA

   Before The Honorable Phyllis J. Hamilton, Judge

   Rezn8 Systems, Inc.; et al.,  )
                                 )
                                 )
           Plaintiffs,           )
                                 )
     VS.                         )    NO. C 10-1799 PJH
                                 )
   Alameda County District       )
   Attorney's Office, et al.,    )
                                 )
           Defendants.           )
                                 )

                                 Oakland, California
                                 Wednesday, May 12, 2010
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
                LAW OFFICE OF JESSICA E. RAUFF
                1045 S.12th Street
                San Jose, California 95112
       BY:  **JESSICA E. RAUFF**
            **ATTORNEY AT LAW**

For Defendants:
                ALAMEDA COUNTY DISTRICT ATTORNEY
                1225 Fallon Street - Room 900
                Oakland, California 94612
       BY:  **MICHEAL O'CONNOR**
            **SENIOR DEPUTY DISTRICT ATTORNEY**

        (APPEARANCES CONTINUED ON FOLLOWING PAGE)


Reported by:       Kelly L. Shainline, CSR No. 13476, RPR
                     Court Reporter Pro Tem

        Computerized Transcription By Eclipse

```
1   APPEARANCES:   (CONTINUED)

2   For Defendants:
                            BOORNAZIAN, JENSEN & GARTHE PC
3                           555 12th Street - Suite 1800
                            Oakland, California 94607
4                   BY:     GREGORY J. ROCKWELL
                            JILL P. SAZAMA
5                           ATTORNEYS AT LAW
```

```
 1   Wednesday - May 12, 2010                              9:18 a.m.
 2
 3              THE CLERK:  Calling Civil Case Number 10-1799, Rezn8
 4   Systems, et al. versus Alameda County District Attorney's
 5   Office, et al.
 6              Counsel, please step forward and state your
 7   appearances.
 8              MR. O'CONNOR:  Good morning, Your Honor.  Michael
 9   O'Connor for the Alameda County District Attorney's Office and
10   other defendants.
11              THE COURT:  Good morning.
12              MS. RAUFF:  Jessica Rauff, Your Honor, for
13   plaintiffs.
14              THE COURT:  Good morning.
15              MS. SAZAMA:  Good morning, Your Honor.  Jill Sazama
16   of Boornazian, Jensen & Garthe, associated counsel for the
17   defendants.
18              MR. ROCKWELL:  Gregory Rockwell, Boornazian,
19   Jensen & Garthe for the defendants.
20              THE COURT:  All right.  This matter is on for
21   hearing on the plaintiffs' motion for a temporary restraining
22   order and motion to quash the search warrant and motion to
23   return property.
24              Ms. Rauff, needless to say, this is, in my view, a
25   highly unusual lawsuit and motion.  What concerns me is that
```

1  you had an adequate remedy, or at least a procedure for seeking
2  an adequate remedy, scheduled before the Superior Court Judge.
3  As I understand it, Judge -- what's his name?
4         **MR. O'CONNOR:** Hashimoto.
5         **THE COURT:** -- Hashimoto scheduled a hearing on your
6  motion for at least to quash or traverse the warrant and for
7  return of property, which would take care of a lot of what you
8  are seeking with the exception of halting the criminal
9  proceedings --
10        **MS. RAUFF:** Yes, Your Honor.  I --
11        **THE COURT:** Excuse me.  Let me finish.
12        -- on one -- not one but two occasions in April, on
13 two hearings; and on both occasions either you didn't appear or
14 you requested to have it continued.  In any event, the hearing
15 didn't go forward and instead you elected to file a Federal
16 lawsuit to halt the District Attorney's Office from engaging in
17 a prosecution, which is highly unusual, and an order to receive
18 the return of your property, which the Superior Court judge
19 would have been clearly prepared to either grant or deny
20 several weeks ago.
21        So where's the emergency?  Why should this Court be
22 involved at all?
23        **MS. RAUFF:** Absolutely, Your Honor.  Those are very
24 understandable arguments.  Unfortunately, the facts that
25 defendants have portrayed aren't entirely accurate.

1     The hearing that was set for return of my property
2 wasn't advised to me.  One day, a day before actually,
3 Defendant Monge contacted me and said, "I set this hearing for
4 a special master to view in camera all of the files."  That was
5 a process that I'm sure you understand would take weeks if not
6 months to go through every single piece of paper, and the
7 Honorable Hashimoto would have to determine the legitimacy of
8 each one.
9     The purpose of that one hearing was to determine the
10 attorney-client privilege of every file and that is just in
11 regards to five of my personal files and two of Plaintiff Ali's
12 personal attorney-client privilege files with him and his own
13 attorney.
14     Those have nothing to do with the computers or the
15 server or the other files of Rezn8 Financial, and the reason
16 why we wanted to go forward with the lawsuit is to make sure
17 that we can get all of these things covered.
18     Also, when the search warrant was initially issued,
19 we contacted the Superior Court.  We wanted to set a motion --
20     **THE REPORTER:**  I'm sorry.  Please slow down.
21     **MS. RAUFF:**  Sorry.
22     We wanted to set a motion or something to quash the
23 search warrant, return our property; but we were repeatedly
24 told that because there was no action pending, we couldn't file
25 anything to get our property back.

1       When we tried to contact Defendant Mr. Matt Beltramo
2  to see if we could communicate with the District Attorney's
3  Office to work something out so we can remain in business, he
4  didn't answer our calls.
5       The Detective Monge said that while -- he alluded
6  that we could get copies of our documents once every piece of
7  paper had been cataloged, once all of the computers had been
8  copied onto their server, something that would take weeks or
9  months pending the investigation.  So we felt that our hands
10 were tied and the only way to move forward was to bring this
11 action.
12      **THE COURT:**  And in this action what is it that you
13 want?
14      **MS. RAUFF:**  We would like just to have all of our
15 property given back to us.  They took all of the computers of
16 the entire business of my clients.  They aren't able to work on
17 the loan modifications of 133 clients.
18      They're also contacting the clients, sending them
19 letters, e-mailing them, calling them, saying that
20 Rezn8 Financial is a fraud and a scam.  We have clients that
21 are still coming in, though, and believing in their services
22 and realizing that all the hard work that Rezn8 is doing for
23 them on their loan modifications still wanting to work with
24 them, but frightened and they don't know what to do.
25      **THE COURT:**  Is that all that you want?

| | |
|---|---|
| 1 | **MS. RAUFF:**  We would like declaratory relief from |
| 2 | the judge, from Your Honor, to say that what we're doing is in |
| 3 | compliance with the law.  We have always tried to work within |
| 4 | the confines of State, Federal law, any regulatory agencies, |
| 5 | with the Department of Real Estate, and the D.A. itself in |
| 6 | their investigation. |
| 7 | **THE COURT:**  And what makes you think that you're |
| 8 | entitled to that at this juncture?  This is a request for a |
| 9 | temporary restraining order, which is to make things status |
| 10 | quo. |
| 11 | A declaration from the Court that what you do |
| 12 | complies with the law is what you would receive after a full |
| 13 | trial on the merits if you were fortunate enough to prevail. |
| 14 | Why is it that you think you're entitled to that now? |
| 15 | **MS. RAUFF:**  Your Honor, the harm involved with |
| 16 | allowing the Court -- or allowing the defendants to go forward |
| 17 | on three specific allegations of fraud will entitle them to |
| 18 | possibly bring charges against Rezn8, entitle them to shut down |
| 19 | the business of Rezn8 when these three theories of fraud aren't |
| 20 | founded in any law. |
| 21 | My clients have tried to comply with the law any way |
| 22 | possible; and by saying that such things as resubmitting loan |
| 23 | applications and being in alleged breach of contract with two |
| 24 | clients is fraud, is hard -- makes it so my clients are unable |
| 25 | to cater their actions in compliance with the law. |

1        **THE COURT:**  And what is this Court's involvement
2   with the District Attorney's investigation of allegations of
3   fraud by a local business?
4        **MS. RAUFF:**  We're asking Your Honor to confirm or
5   declare that the District Attorney has no standing to bring
6   claims that Rezn8 Financial is committing fraudulent activity
7   by resubmitting loan applications or that --
8        **THE COURT:**  No standing to bring allegations?
9        **MS. RAUFF:**  That there's no --
10       **THE COURT:**  Has your client been indicted?
11       **MS. RAUFF:**  No, Your Honor.
12       **THE COURT:**  So you're saying the DA's office has no
13  standing to investigate your client?
14       **MS. RAUFF:**  Under those specific theories,
15  Your Honor.
16       **THE COURT:**  Under a fraud theory?
17       **MS. RAUFF:**  Under a fraud theory that has no basis
18  in law.
19       **THE COURT:**  And I'm supposed to come to that
20  conclusion how?
21       **MS. RAUFF:**  Your Honor, we find no law that we feel
22  that our clients are in breach of.  We would love to cater to
23  whatever law that defendants think that we're in violation of;
24  but, unfortunately, they can point to no law or no theory
25  that --

1    **THE COURT:**  I'm sorry.  I'm struggling here.  Under
2   what theory do you believe the Federal Court has the authority
3   to halt an investigation of a County prosecutor's office?
4    **MS. RAUFF:**  We don't --
5    **THE COURT:**  We're supposed to evaluate what they're
6   looking at in determining the scope of their investigation, and
7   I'm supposed to substitute my judgment for whether or not
8   that's sufficient probable cause to investigate?
9    **MS. RAUFF:**  Absolutely not, Your Honor.  What we
10   want to do is reaffirm the common law that's been standard for
11   hundreds of years that a breach of contract is not something
12   that can implicate a person for criminal liability, which is
13   what the defendants are essentially doing.  They have two
14   clients who --
15    **THE COURT:**  How do I know that?  I don't know that
16   that's the case.  I don't know that it's a mere breach of
17   contract.  You characterize it in that way, but how do we know
18   that?  The investigation is ongoing.
19    **MS. RAUFF:**  Your Honor, that's why we're trying to
20   quash the search warrant because what the search warrant is
21   based upon is these two complaining clients that are in
22   contract with my clients.
23    **THE COURT:**  Isn't the District Attorney charged with
24   the responsibility to investigate when there are complaints by
25   consumers, and doesn't it ultimately depend upon what they

1  ultimately determine has been or has not been a violation of
2  the law?
3         We don't even know if there is going to be any
4  criminal charges.  I'm sorry.  I don't believe that this Court
5  has the authority to tell the DA to not investigate anyone.
6         **MS. RAUFF:**  Absolutely, Your Honor, we agree.  What
7  we're trying to do is obtain from the Court the ruling just
8  stopping the defendants from stating that Rezn8 is committing
9  fraud by breaching contracts.
10        **THE COURT:**  Stating it where?  To whom?  To anyone?
11        **MS. RAUFF:**  Your Honor, by issuing --
12        **THE COURT:**  To anyone?
13        **MS. RAUFF:**  With regards to this specific case they
14 are --
15        **THE COURT:**  How are they stating that Rezn8 has
16 committed fraud by what you say is conduct amounting to breach
17 of contract?  How are they stating that?
18        **MS. RAUFF:**  In their affidavit, which was presented
19 to the issuing magistrate of the search warrant, they said the
20 basis for the search warrant was because certain felonies have
21 been committed.  The only felonious conduct that was alleged in
22 the affidavit was 487(a).
23        **THE COURT:**  Well, I believe it says that there was
24 reasonable cause to believe that certain felonies were being
25 committed.

1       **MS. RAUFF:**  Correct, Your Honor.

2       **THE COURT:**  So the statement is in the search
3  warrant.  You want the Court to prevent the District Attorney's
4  Office or their investigator from making an allegation under
5  oath, I might add, in an affidavit given to a Superior Court
6  judge to review, and you want this Court to tell them that they
7  can't do that?

8       **MS. RAUFF:**  Your Honor, the affidavit is also
9  fraught with omissions, misstatements, mischaracterizations.
10 It seems like the defendants are just trying to attack and
11 enter into a fishing expedition of the loan modification
12 company.

13      **THE COURT:**  Is there a procedure in State Court, I
14 know there is in Federal Court for warrants issued by Federal
15 agents, is there a procedure in State Court to quash an
16 affidavit?

17      **MS. RAUFF:**  Your Honor, there is not when no State
18 Court proceeding is pending.  We tried to contact the courts
19 and see if we could quash the search warrant, and they informed
20 us that no such calendaring would happen when no State Court
21 proceeding is issued.

22      So we would just have to wait until the defendants
23 brought a State Court action and then after the harm has
24 already been completed, ask for a quash of the search warrant
25 and enjoin the proceeding altogether.

1      **THE COURT:**  All right.  Is there anything else?
2      **MS. RAUFF:**  Nothing further, Your Honor, unless you
3  have any other questions.
4      **THE COURT:**  Response?
5      **MR. O'CONNOR:**  Your Honor, just to address the last
6  issue, Penal Code, Section 1538.5, of the California Penal Code
7  makes clear that the defendants do have a right to challenge
8  the search warrant, and they have a right to bring a motion to
9  return property before any Indictment or Complaint is filed
10  against them.
11      Furthermore, not mentioned in my papers but which
12  underscores the offer that we informally made to make the
13  materials available to the Defense --
14      **THE COURT:**  The written materials, not the
15  computers?
16      **MR. O'CONNOR:**  The written materials that we took,
17  right.
18      **THE COURT:**  What about the computers?
19      **MR. O'CONNOR:**  They would also have the same right,
20  but we made an offer.  But they have a right to move for that
21  under California Penal Code, Section 1536.5, which is a
22  provision in the search warrant chapters of California's Penal
23  Code that allows a business to bring a motion before the
24  magistrate requesting that copies of all materials seized be
25  returned where that material is necessary for the operation of

1   the business.

2   The fact that plaintiffs have not taken advantage of
3   that statute, have not taken advantage of the informal offer
4   that we've made to make those materials available suggest that
5   this lawsuit is not, as they claim, in the interest of their
6   client but is a strategic effort to impede a criminal
7   investigation. They want to turn the criminal investigation
8   process on its head by filing this lawsuit, and we ask the
9   Court not to permit that.

10  **THE COURT:** Okay. All right. Anything else?

11  **MS. RAUFF:** Your Honor, just to address that simple
12  point. I don't see how it turns a criminal investigation on
13  its head when the company is holding itself out in a lawsuit
14  setting asking to be judged by the judge and not waiting for
15  the District Attorney to bring charges.

16  **THE COURT:** All right. Anything else?

17  **MS. RAUFF:** Nothing further, Your Honor.

18  **MR. O'CONNOR:** Submitted.

19  **THE COURT:** All right. The request for a temporary
20  restraining order which seeks extraordinary relief in this
21  court does require that you meet certain standards.

22  One of the critical elements is obviously a showing
23  by the moving party on the likelihood of success on the merits
24  of the claims. I cannot find that there is a likelihood of
25  success on any of the claims with respect to the

1  constitutionality of the statute that's at issue.  I read it.
2  It doesn't seem vague at all to me.
3              I don't even understand your argument about the
4  vagueness of it with respect to the actual merits of the return
5  of the property and the validity of the search warrant
6  affidavit and whether or not it contains sufficient probable
7  cause to withstand a motion to quash or a motion to traverse.
8  It certainly seems like there's sufficient probable cause on it
9  to this Court.  So even on the merits, I wouldn't be prepared
10 to grant any of the procedural motion.
11             With respect to the other requirements for temporary
12 restraining order, in addition to likelihood of success on the
13 merits of the underlying claims, and granted there are eight
14 claims, it appears to me that the two claims that you're
15 actually seeking relief on are with respect to the new statute
16 and as to the absence of probable cause.  On both of those I do
17 not find that you are likely to succeed on either one of those.
18             But with regard to the irreparability of the injury,
19 I mean, I'm still just totally fluxed by why you wouldn't
20 proceed in State Court with respect to the procedures that are
21 clearly available to the plaintiff for getting your property
22 back or even challenging the search warrant.  So I don't see
23 irreparable injury either.
24             The motion for temporary restraining order is
25 denied, and any order to show -- request for order to show

1  cause for a preliminary injunction is denied.  This motion does
2  not seek to maintain the status quo pending litigation.
3          The motion seeks the ultimate relief that you will
4  obtain if you are successful on the merits at the trial.
5          The motion is denied.  I'm not scheduling any motion
6  for preliminary hearing.  The matter says on my docket.  The
7  next time you see me will be for a Case Management Conference
8  at which time we'll set this matter for trial probably about a
9  year and a half from now.
10         **MS. RAUFF:**  Your Honor, we will be appealing this.
11 We'd like to move now for an injunction pending the appeal.
12 We'll be going over to the Ninth Circuit today.
13         **THE COURT:**  Okay.  And you want to move for an
14 injunction pending appeal?
15         **MS. RAUFF:**  Pending appeal as of today.
16         **THE COURT:**  And you want -- I'm not --
17         **MS. RAUFF:**  To enjoin the Government from taking any
18 additional action against my clients.
19         **THE COURT:**  I denied your motion.  So, no, I'm not
20 going to grant a temporary injunction.  You're asking for a
21 mandatory injunction and there's no basis for it.  Denied.
22         **MS. RAUFF:**  Okay.
23         **MR. O'CONNOR:**  Your Honor, may I ask one point of
24 clarification?  We were served -- one of the objections we made
25 was service of summons, and we have been served with the

1  summons.  My understanding is we would have 20 days from the
2  service of summons to file our responsive answer, and so forth.
3             **THE COURT:**  Yes, you have 20 days from service to
4  file either an answer or a motion to dismiss.
5             **MR. O'CONNOR:**  Thank you.
6             **THE COURT:**  All right.  That's it.
7             **MS. RAUFF:**  Thank you, Your Honor.
8                  (Proceedings adjourned at 9:34 a.m.)

**CERTIFICATE OF REPORTER**

I, KELLY SHAINLINE, Court Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in C 10-1799 PJH, Rezn8 Systems, Inc., et al. versus Alameda County District Attorney's Office, et al., were reported by me, a shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_Kelly Shainline_

Kelly Shainline, Court Reporter

Sunday, May 16, 2010